EVANDER, J.,
concurring specially.
Toth appeared for an interview at the Brevard County Sheriffs Department in conjunction with an investigation of his girlfriend’s murder. He was not advised of his Miranda[1] rights before or during *117 the interview. I believe that the trial court erred in denying his motion to suppress certain incriminating statements made in the latter portion of this interview. Although the interview was initially a noncustodial voluntary event, it was transformed into a custodial interrogation approximately 47 minutes into the interview. At that' time, Toth clearly indicated an understanding that he was not free to leave. Rather than correct this misconception, the detectives continued their prolonged questioning, indicated a disbelief of Toth’s story, and suggested that he was a suspect in his girlfriend’s murder. While not singularly dispositive, the failure to advise a suspect that he is free to leave militates in favor of a finding of custodial interrogation. Rigterink v. State, 2 So.3d 221, 253 (Fla.), petition for cert, filed, No. 08-1229, 77 USLW 3563 (Mar. 31, 2009).
However, I conclude that any error was harmless beyond a reasonable doubt. Toth made even more damaging statements the following day at the hospital and at the Brevard County Detention Center and these statements were properly admitted.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).